**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARSHDEEP SINGH,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | Case No. 1:26-cv-02849-JLT-EPG<br><br>A-Number: 245-421-972<br><br>ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Docs. 1, 2) |

## I. INTRODUCTION

Before the Court is Arshdeep Singh's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition, asserting that Petitioner is subject to the mandatory pre-order detention statute pursuant to 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(c)(1)(E). (*See generally,* Doc. 7.) Thus, for the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## II. FACTUAL BACKGROUND

Petitioner is from India who entered the United States without inspection in November 2023. (Doc. 1 at 5, ¶ 21.) Shortly after entry, DHS briefly detained Petitioner pursuant to a Form

I-200, Warrant for Arrest of Alien. (*Id*. at ¶ 22.) DHS released Petitioner on an Order of Release on Recognizance. (*Id*. at ¶ 23.) Following his release, DHS placed Petitioner on supervision, including Alternatives to Detention monitoring and regular ICE check-ins. (*Id*.) On November 3, 2023, DHS served Petitioner with a Notice to Appear charging him as inadmissible pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at ¶ 24.) According to Petitioner, from the time of his release through March 2026, Petitioner fully complied with every condition imposed by DHS, including by attending all ICE check-ins. (*Id*. at ¶ 25.)

On March 12, 2026, the Kingsburg Police Department officers arrested Petitioner for tampering with a vehicle, burglary and vandalism: defacing public property. (Doc. 7 at 18.) On March 26, 2026, Petitioner was charged with one count of Second-Degree Burglary in violation of Cal. Penal Code § 459, 460(b), and two counts of Buy/Receive Stolen Vehicle/Equipment in violation of Cal. Penal Code § 496d(a).[1] On March 26, 2026, Petitioner appeared at a scheduled criminal court hearing, and while waiting in line outside the courthouse to pass through security, ICE officers approached Petitioner and took him into custody. (Doc. 1 at 5, ¶¶ 28-29.) Petitioner is detained at Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 4.)

On April 15, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 13-14.) Petitioner requests immediate release. (*Id*. at 19.) Respondents filed an opposition on April 22, 2026, in which they argue that Petitioner is subject to mandatory detention both under 8 U.S.C. § 1225(b)(2) as an "applicant for admission," and under the Laken Riley Act codified in 8 U.S.C. § 1226(c)(1)(E). (Doc. 7 at 2-8.)

On August 11, 2026, the Court ordered Respondents to file a notice indicating whether Petitioner has been formally charged with the above-mentioned crimes. (Doc. 12.) Respondents informed the Court on August 17, 2026, that not been able to obtain to date any additional information regarding Petitioner's arrests or charges. (Doc. 13.)

---

[1] The undersigned takes judicial notice of Petitioner's pending criminal case, *The People of the State of California vs. Arshdeep Singh*, Case No. F26901909_1 in the Fresno County Superior Court's Online Case Information Website. *See also Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 13-14.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, governs the apprehension and detention of noncitizens whose removal proceedings are pending. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) ("Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.") Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E)(ii), otherwise known as the Laken Riley Act, due to Petitioner's burglary and vehicle theft charges. (Doc. 7 at 4.) Section 1226(c)(1) provides that the "Attorney General shall take into custody any alien who—"

> (E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of

> section 1182(a) of this title; and
>
> (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person,

8 U.S.C. § 1226(c)(1)(E)(i)–(ii). And "[f]or purposes of paragraph (1)(E), the terms 'burglary', 'theft', 'larceny', 'shoplifting', 'assault of a law enforcement officer', and 'serious bodily injury' have the meanings given such terms in the jurisdiction in which the acts occurred." 8 U.S.C. § 1226(c)(2).

Petitioner's pending charge under California Penal Code §§ 459, 460(b) for second-degree burglary clearly implicates the statutory language of section 1226(c)(1)(E). *See* Cal. Penal Code §§ 459(a), 460(b). *See Rohit Lnu v. Chestnut*, 1:26-cv-00016-JLT-SAB, 2026 WL 395882, at *1, 4 (E.D. Cal. Feb. 12, 2026) (dealing with an arrest for petty theft in violation of California Penal Code § 484(a) and finding that, on its face, it appeared to qualify as an enumerated crime of theft), *report and recommendation adopted in full*, 2026 WL 623148, at *1 (E.D. Cal. Mar. 5, 2026). There is also no indication in the record that charges for these offenses were dropped or dismissed. *Cf. Singh v. Wofford, No. 1:26-cv-01161-KES-EPG* (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (collecting cases which have found that the Laken Riley Act ceases to apply when charges for a theft offense are dropped or dismissed).

On its face, the Laken Riley Act appears to apply to Petitioner, given that he has been charged with being inadmissible under INA § 212(a)(6)(A)(i) and was arrested for and charged with one or more of the enumerated crimes in section 1226(c)(1)(E)(ii). Thus, the Court finds Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E) and that he is not entitled to immediate release or a bond hearing at this time.

## V. CONCLUSION AND ORDER

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.
2. Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **DENIED** as moot.

///

3. The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _August 19, 2026_

UNITED STATES DISTRICT JUDGE